ROB HENNIG (STATE BAR NO. 174646)
SEREENA SINGH (STATE BAR NO. 276781)
SAM BROWN (STATE BAR NO. 308558)
HENNIG, RUIZ & SINGH P.C.
3600 Wilshire Blvd., Suite 1908
Los Angeles, CA 90010
Telephone: (213) 310-8301
Fax: (213) 310-8302

Attorneys for A. H. by and through her
Guardian *Ad Litem* Carolyne Copeland and
Carolyne Copeland

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| A. H., a minor, by and through her Guardian *Ad Litem*, Carolyne Copeland, an individual and CAROLYNE COPELAND, an individual,<br><br>Plaintiff;<br><br>vs.<br><br>NEWPORT-MESA UNIFIED SCHOOL DISTRICT, a public entity; CORONA DEL MAR HIGH SCHOOL, a public entity; JENNIFER GERJETS, an individual sued in her personal capacity, MICHELLE STEVENS, an individual sued in her personal capacity; KIRK BAUERMEISTER, an individual sued in his personal capacity, and FREDERICK NAVARRO, an individual sued in his official capacity as Superintendent of Newport-Mesa Unified School District.<br><br>Defendants. | CASE NO. 8:20-cv-00121-JWH-ADS<br><br>**NOTICE OF PETITION AND PETITION FOR APPROVAL OF MINOR'S COMPROMISE AND ATTORNEYS' FEES**<br><br>**HEARING DATE: March 5, 2021**<br>**TIME:            9:00am**<br>**CRT:             2** |

Pursuant to Local Rules 17-1.2, 17-1.3, and 17-1.4, Cal. Civ. Proc. Code § 372, and California Rule of Court 3.1384, A. H., a minor by and through her Guardian Ad Litem Carolyne Copeland, hereby petitions this Court to approve the following distribution of funds received on behalf of A. H. from Defendant Newport Mesa Unified School District pursuant to a settlement agreement reached between the parties.  Counsel for settling Defendants are not expected to oppose this petition.

L.R. 17-1.3 requires that hearing on the petition "insofar as practicable. . . shall conform to Cal. Civ. Proc. Code § 372 and California Rule of Court 3.1284. California mandates petitions use the attached California Judicial Council Form MC-350.

This Petition is based on this document, all attachments attached hereto, the contemporaneously filed Declaration of Sam Brown, the papers and records maintained in the Court's file, and any oral argument and documentary evidence as may be presented at the hearing—if one is held—on the Petition.

Dated: February 1, 2021                          HENNIG, RUIZ & SINGH


                                        By    ___/s/_____
                                              ROB HENNIG
                                              SEREENA SINGH
                                              SAM BROWN
                                              Attorneys for Plaintiffs
                                              A.H. and Carolyne Copeland

HENNIG
RUIZ &
SINGH

NOTICE OF PETITION AND PETITION FOR APPROVAL OF MINOR'S COMPROMISE AND ATTORNEYS'

MC-350

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY**    STATE BAR NUMBER: 308558<br>NAME: Sam Brown<br>FIRM NAME: Hennig Ruiz & Singh P.C.<br>STREET ADDRESS: 3600 Wilshire BLVD., Ste 1908<br>CITY: Los Angeles    STATE: CA    ZIP CODE: 90010<br>TELEPHONE NO.: 213-310-8301    FAX NO. : 213-310-8302<br>EMAIL ADDRESS: sam@employmentattorneyla.com<br>ATTORNEY FOR (Name): Plaintiffs A. H. and Carolyne Copeland | **FOR COURT USE ONLY** |

**US District Court** Central District of California
STREET ADDRESS: 3470 12st St.
MAILING ADDRESS:
CITY AND ZIP CODE: Riverside, CA, 92501
BRANCH NAME: Eastern Division

| | |
|---|---|
| CASE NAME:<br>A. H. v. Newport Mesa Unified School District | CASE NUMBER:<br>8:20-cv-00121-JWH-ADS |

| | |
|---|---|
| **PETITION FOR APPROVAL OF COMPROMISE OF CLAIM<br>OR ACTION OR DISPOSITION OF PROCEEDS OF<br>JUDGMENT FOR MINOR OR PERSON WITH A DISABILITY** | HEARING DATE:<br>March 5, 2021 |
| | DEPT.:<br>CRT 2      TIME:<br>9:00 am |

**NOTICE TO PETITIONER**

Except as noted below, you must use this form to request court approval of (1) the compromise of a minor's disputed claim, (2) the compromise or settlement of a pending action or proceeding to which a minor or a person with a disability (including a conservatee) is a party, or (3) the disposition of the proceeds of a judgment awarded to a minor or a person with a disability. (See Code Civ. Proc., § 372; Prob. Code, §§ 3500, 3600–3613.)

Both you and the minor or person with a disability must attend the hearing on this petition unless the court dispenses with a personal appearance. The court may require the presence and testimony of witnesses, including the attending or examining physician, and the presentation of other evidence relating to the claim and the nature and extent of the injury, care, treatment, and hospitalization.

The court has authority to consider a request for expedited approval without a hearing of the compromise of certain claims or actions or the disposition of the proceeds of certain judgments. To determine whether your claim, action, or judgment qualifies, see Cal. Rules of Court, rule 7.950.5. If you want to request expedited consideration, you must use form MC-350EX.

1. **Petitioner** (name or pseudonym*): Carolyne Copeland
   is the (check all boxes that apply): [x] Parent    [x] Guardian ad litem*    [x] Guardian    [ ] Conservator
   [ ] Other (specify relationship):
   of the claimant identified in item 2. (*Petitioner may appear under a pseudonym only if appointed as guardian ad litem under that pseudonym. (See Code Civ. Proc., § 372.5.))

2. **Claimant** (name): A. H.
   a. Address: c/o Hennig Ruiz & Singh p.c. 3600 Wilshire BLVD. Ste 1908, Los Angeles, CA, 90010
   b. Date of birth: 9/21/2004    c. Age: 16    d. [x] Minor    or    [ ] Person with a disability
   (If the claimant is an adult with a disability who (1) has capacity to consent to the order requested and (2) does not have a conservator of the estate, check e. and f. and ensure that the claimant personally reads and signs item 21. (Prob. Code, § 3613.))
   e. [ ] Has the capacity, within the meaning of Probate Code section 812, to consent to the requested order or judgment.
   f. [ ] Does not have a conservator of the estate.

3. **Claim** The claim of the minor or adult person with a disability (check one):
   a. [ ] Is not the subject of a pending action or proceeding. (Complete items 4–23.)
   b. [x] Is the subject of a pending action or proceeding that will be compromised or settled without a trial. (Complete items 4–23.)
   Name of court: United District Court, Central District of California
   Case no.: 8:20-cv-JWH-ADS      Trial date: June 15, 2021
   c. [ ] Is the subject of an action or proceeding in which a judgment has been or will be entered for the claimant against the
   defendants named below in the amount (excluding interest and costs) of (specify total):    $_____.
   Defendants (names:

   [ ] Additional defendants listed on Attachment 3.
   [ ] The judgment was filed on (date):
   (Attach a copy of the (proposed) judgment as Attachment 3c and complete items 12–23.)

| | | |
|---|---|---|
| Form Adopted for Alternative Mandatory Use<br>Instead of Form MC-350EX<br>Judicial Council of California<br>MC-350 [Rev. January 1, 2021] | **PETITION FOR APPROVAL OF COMPROMISE OF CLAIM<br>OR ACTION OR DISPOSITION OF PROCEEDS OF<br>JUDGMENT FOR MINOR OR PERSON WITH A DISABILITY** | Code of Civil Procedure, § 372;<br>Probate Code, §§ 3500, 3600–3613;<br>Cal. Rules of Court, rules 3.1384,<br>7.101, 7.950–7.952<br>www.courts.ca.gov |

MC-350

| CASE NAME:   A. H. v. Newport Mesa Unified School District | CASE NUMBER:<br>8:20-cv-00121-JWH-ADS |
|---|---|

4. **Incident or accident**  The incident or accident occurred as follows:
   a.  Date:  4/4/2019                    Time:  9:00
   b.  Place:  Corona Del Mar High School
   c.  Persons involved *(names):*
       A. H., Michelle Stevens, Jennifer Gerjets, Kirk Bauermeister, Carolyne Copeland.

       ☐ Continued on Attachment 4.

5. **Nature of incident or accident**
   The facts, events, and circumstances of the incident or accident are *(describe what happened):*
   On April 4, 2019, A. H.--a black student at Corona Del Mar High School, met with white staff members Gerjets and Stevens to discuss issues A. H. was having at school and at home. During the meeting, Gerjets and Stevens made comments A. H. alleges were racially hostile and discriminatory. Gerjets and Stevens called Child Protective Services, as they contend they had a reasonable belief that A. H. had been harmed by her mother. CPS performed a home visit and did not remove or take any action to remove A. H. from her mother's custody. Plaintiffs sought an investigation into the staff's actions and the school district contends they investigated and found that the staff acted appropriately with respect to calling CPS, and that any comments were proper.
   ☐ Continued on Attachment 5.

6. **Injuries**
   The following injuries were sustained by the claimant as a result of the incident or accident *(describe):*
   Due to Defendants' racial hostility and discrimination, claimant suffered and continues to suffer from loss of enjoyment of life; anxiety; humiliation; and emotional distress.  The statements made by Defendants to A. H. made A. H. feel as if she did not belong at the school or in the community, that her voice was not being heard, and that as a black student she was less important to the school as white students.

   ☐ Continued on Attachment 6.

7. **Treatment**
   The claimant received the following care and treatment for the injuries described in item 6 (describe):

   ☐ Continued on Attachment 7.

8. **Extent of injuries and recovery**  *(An original or a photocopy of any doctor's report containing a diagnosis of the claimant's injuries or a prognosis for the claimant's recovery, and a report of the claimant's current condition, must be attached to this petition as Attachment 8. A new report is not necessary if a previous report accurately describes the claimant's current condition.)*
   a.  ☐  The claimant has recovered completely from the effects of the injuries described in item 6, and there are no permanent injuries.
   b.  ☐  The claimant has not recovered completely from the effects of the injuries described in item 6, and the following injuries from which the claimant has not recovered are temporary *(describe the remaining injuries and symptoms):*

       ☐ Continued on Attachment 8b.
   c.  ☒  The claimant has not recovered completely from the effects of the injuries described in item 6, and the following injuries from which the claimant has not recovered are permanent *(describe the permanent injuries and symptoms):*
       The loss of enjoyment of life; anxiety; humiliation; and emotional distress caused by Defendants' actions will always be with Plaintiff in some way.  She has suffered racial trauma as a result of these instances. While she is improving she will carry this experience forward with her.
       ☐ Continued on Attachment 8c.

**PETITION FOR APPROVAL OF COMPROMISE OF CLAIM
OR ACTION OR DISPOSITION OF PROCEEDS OF
JUDGMENT FOR MINOR OR PERSON WITH A DISABILITY**

**MC-350**

| CASE NAME:   A. H. v. Newport Mesa Unified School District | CASE NUMBER:<br>8:20-cv-00121-JWH-ADS |
|---|---|

9. ☒ **Petitioner has made a careful and diligent inquiry and investigation into the facts and circumstances of the incident or accident in which the claimant was injured; the responsibility for the incident or accident; and the nature, extent, and seriousness of the claimant's injuries. Petitioner understands that if the compromise proposed in this petition is approved by the court and consummated, the claimant will never be able to recover any more compensation from the settling defendants named below even if the claimant's injuries turn out to be more serious than they now appear.**

10. **Amount and terms of settlement**

To settle the claim in 3a or 3b, the defendants named below have offered to pay the following amounts to the claimant:

a. The total amount offered by all defendants named below is *(specify):*      $     14,875

b. The defendants and amounts offered by each are as follows *(specify):*

| Defendants *(names)* | Amounts |
|---|---|
| Newport Mesa Unified School District | $ 14,875 |
| Defendants Gerjets, Stevens, Bauermeister and Navarro | $ 0 |
| | $ |
| | $ |

☐ Defendants and amounts offered continued on Attachment 10b.

c. The terms of settlement are as follows. *(If the settlement is to be paid in installments, both the total amount and the present value of the settlement must be included.)*

Plaintiffs agree to waive all claims, to the extent permitted by statute, and to dismiss the present claims with prejudice, in exchange for $14,875.00.  The parties reached the settlement as a result of a mediator's proposal made by Magistrate Judge Autumn Spaeth at the parties' Mandatory Settlement Conference.  The parties have entered into a settlement agreement, a true and correct copy of which is attached  as Attachment 10c.

☒ Continued on Attachment 10c.

11. **Settlement payments to others**

a. ☒ No defendant named in item 10b has offered to pay money to any person or persons other than the claimant to settle claims arising out of the same incident or accident that resulted in the claimant's injury.

b. ☐ To settle claims arising out of the same incident or accident that resulted in the claimant's injury, one or more defendants named in item 10b have also offered to pay money to a person or persons other than claimant.

(1) The total amount offered by all defendants to others is *(specify):*      $

(2) Petitioner ☐ does not have ☐ has   a claim against the recovery of the claimant (other than for reimbursement of fees or expenses paid by petitioner and listed under item 14).
*(If you answered "has," explain in Attachment 11b(2) the circumstances and the effect your claim has on the proposed compromise of the claim described in this petition.)*

(3) Petitioner ☐ is not ☐ is   a plaintiff in the same action with the claimant.
*(If you answered "is," explain in Attachment 11b(3) the circumstances and the effect your claim and its disposition has on the proposed compromise of the claim or action described in this petition.)*

(4) ☐ Petitioner would receive money under the proposed settlement.

(5) The settlement payments are to be apportioned and distributed as follows:

| Other plaintiffs or claimants *(names)* | Amounts |
|---|---|
| | $ |
| | $ |
| | $ |
| | $ |

☐ Additional plaintiffs or claimants and amounts are listed on Attachment 11b(5).

(6) Reasons for the apportionment of the settlement payments between the claimant and each other plaintiff or claimant named above are specified in Attachment 11b(6).

**PETITION FOR APPROVAL OF COMPROMISE OF CLAIM OR ACTION OR DISPOSITION OF PROCEEDS OF JUDGMENT FOR MINOR OR PERSON WITH A DISABILITY**

**MC-350**

| CASE NAME:  A. H. v. Newport Mesa Unified School District | CASE NUMBER:<br>8:20-cv-00121-JWH-ADS |
|---|---|

12. **The claimant's medical expenses—including medical expenses paid by petitioner, Medicare, Medi-Cal, and private insurers—to be paid or reimbursed from proceeds of settlement or judgment**

   a. **Totals**

   (1)  Total medical expenses before any reductions:     $          0

   (2)  Total medical expenses paid (include payments by private insurance, Medi-Cal, or Medicare):     ($          0)

   (3)  Total of negotiated, contractual, or statutory reductions, if any:     ($          0)

   (4)  Total medical expenses to be paid or reimbursed from the proceeds:     $          0

   (5)  Total amount of statutory or contractual liens, if any:     $          0

   b. Medical expenses were paid and are to be reimbursed from the proceeds as follows:

   (1)  [x]  Paid by petitioner in the amount of:     $          0

   (2)  [ ]  Paid by private health insurance or a self-funded plan under:
   - (a)  [ ]  An Employee Retirement Income Security Act (ERISA) insured plan.
   - (b)  [ ]  An ERISA self-funded plan.
   - (c)  [ ]  A Non-ERISA insured plan.
   - (d)  [ ]  A Non-ERISA self-funded plan.
   - (e)  Amount paid by plan:     $
   - (f)  Amount of reimbursement to the plan from the proceeds of the settlement or judgment:
      - (i)  [ ]  No reimbursement is requested by the plan.
      - (ii)  [ ]  Reimbursement is to be made to the plan, and:
         - (A)  [ ]  There is a contractual reduction of:     ($          ),
         - (B)  [ ]  There is a negotiated reduction of:     ($          ),
         - (C)  [ ]  No reduction has been agreed to,
         for a **total reimbursement** to the plan, in full satisfaction of its lien rights, in the amount of:     $

   (3)  [ ]  Paid by Medicare in the amount of:     $
   less the statutory reduction in the amount of:     ($          )
   for a **total reimbursement** to Medicare in the amount of:     $
   *(Attach a copy of the final Medicare demand letter or letter agreement as Attachment 12b(3).)*

   (4)  [ ]  Paid by Medi-Cal in the amount of:     $
   - (a)  [ ]  Notice of this claim or action has been given to the Director of Health Care Services. (Welf. & Inst. Code, § 14124.73.) A copy of the notice and proof of delivery:
      [ ] is attached     [ ] was filed in this case on *(date):*          .
   - (b)  [ ]  Notice of this claim or action has **not** been given to the Director of Health Care Services. *(Explain why notice has not been given in Attachment 12b(4)(b).)*
   - (c)  [ ]  In full satisfaction of its lien rights, Medi-Cal has agreed to accept **reimbursement** in the amount of:     $
      *(Attach a copy of the final Medi-Cal demand letter or letter agreement as Attachment 12b(4)(c).)*
   - (d)  [ ]  Petitioner is entitled to a reduction of the Medi-Cal lien under Welfare and Institutions Code section 14124.76 and *(check one):*
      - (i)  [ ]  Is filing a motion seeking a reduction of the lien concurrently with this petition.
      - (ii)  [ ]  Requests that the court reserve jurisdiction over this issue.
      The amount of the lien in dispute is: $

   (5)  (a)  (i)  [x]  There are no statutory or contractual liens for payment of claimant's medical expenses.

   (ii)  [ ]  There are one or more statutory or contractual liens of medical service providers for payment of claimant's medical expenses. The total amount claimed under these liens is: $
   In full satisfaction of their lien claims, the lienholders have agreed to accept the sum of: $
   *(Provide requested information for each lienholder and other specified medical service providers on next page.)*

**PETITION FOR APPROVAL OF COMPROMISE OF CLAIM OR ACTION OR DISPOSITION OF PROCEEDS OF JUDGMENT FOR MINOR OR PERSON WITH A DISABILITY**

**MC-350**

| CASE NAME:   A. H. v. Newport Mesa Unified School District | CASE NUMBER:<br>8:20-cv-00121-JWH-ADS |
|---|---|

**12. Claimant's medical expenses** (continued)

b.  (5)  (b)  The name of each medical service provider that furnished care and treatment to claimant and (1) has a lien for all or any part of the charges or (2) was paid (or will be paid from the proceeds) by petitioner, for which payment petitioner requests reimbursement; the amounts charged and paid; the amount of negotiated reductions of charges, if any; and the amount to be paid from the proceeds of the settlement or judgment to each provider are as follows:

(i)  (A)  Provider *(name):*
(B)  Address:

(C)  Amount charged:                                                                                                $
(D)  Amount paid (whether or not by insurance):                                              ($                        )
(E)  Negotiated reduction, if any:                                                                       ($                        )
(F)  Amount to be paid from proceeds of settlement or judgment:                  $ _____

(ii)  (A)  Provider *(name):*
(B)  Address:

(C)  Amount charged:                                                                                                $
(D)  Amount paid (whether or not by insurance):                                              ($                        )
(E)  Negotiated reduction, if any:                                                                       ($                        )
(F)  Amount to be paid from proceeds of settlement or judgment:                  $ _____

(iii) (A)  Provider *(name):*
(B)  Address:

(C)  Amount charged:                                                                                                $
(D)  Amount paid (whether or not by insurance):                                              ($                        )
(E)  Negotiated reduction, if any:                                                                       ($                        )
(F)  Amount to be paid from proceeds of settlement or judgment:                  $ _____

☐ Continued on Attachment 12b(5). *(Provide information about additional providers in the above format, including providers paid or to be paid by petitioner, for which payment reimbursement is requested in item 12b(1), above. You may use form MC-350(A-12b(5)) for this purpose.)*

**13. Claimant's attorney's fees and all other expenses (except for medical expenses), including expenses advanced by claimant's attorney or paid or incurred by petitioner, to be reimbursed from proceeds of settlement or judgment**

a.  Total amount of attorney's fees for which court approval is requested:                         $         3,718.75
*(If fees are requested, attach as Attachment 13a a declaration from the attorney explaining the basis for the request, including a discussion of applicable factors listed in rule 7.955(b) of the Cal. Rules of Court. Respond to item 17a(2) on page 7 and attach a copy of any written attorney fee agreement as Attachment 17a.)*

b.  The following additional items of expense (other than medical expenses) have been incurred or paid, are reasonable, resulted from the incident or accident, and should be paid out of claimant's share of the proceeds of the settlement or judgment:

| Items | Payees *(names)* | Amounts |
|---|---|---|
| Filing - Complaint | United States District Court | $            400 |
| Costs for Deposition of Jennifer Gerjets | Network Deposition | $         1,104.45 |
| Costs for Deposition of Michelle Stevens | Network Deposition | $         1,977.5 |
| Process Server Costs for service of Summons | One Legal | $            99.5 |
|  |  | $ |
|  |  | $ |
|  |  | $ |
|  |  | $ |

☐ Continued on Attachment 13b.                                                    **Total:** $         3,581.45

**PETITION FOR APPROVAL OF COMPROMISE OF CLAIM
OR ACTION OR DISPOSITION OF PROCEEDS OF
JUDGMENT FOR MINOR OR PERSON WITH A DISABILITY**

**MC-350**

| CASE NAME:  A. H. v. Newport Mesa Unified School District | CASE NUMBER:<br>8:20-cv-00121-JWH-ADS |
|---|---|

**14. Reimbursement of fees and expenses paid by petitioner**

a. [x] Petitioner has paid none of the fees or expenses listed in items 12 and 13 for which reimbursement is requested.

b. [x] Petitioner has paid (or become obligated to pay) the following total amounts of the claimant's fees and expenses for which reimbursement is requested.

    (1) [ ] Medical expenses listed in item 12:                     $

    (2) [ ] Attorney's fees included in the total fee amount shown in item 13a:    $

    (3) [x] Other expenses included in the total shown in item 13b:       $      3,581.45

                                                     **Total:** $      3,581.45

*(Attach proofs of the fees and expenses incurred and the payments made or obligations to pay incurred, e.g., bills or invoices, canceled checks, credit card statements, explanations of benefits from insurers, etc.)*

**15. Net balance of proceeds for the claimant**

The balance of the proceeds of the proposed settlement or judgment remaining for the claimant after payment of all requested fees and expenses is:            $      7,574.8

**16. Summary**

a. Gross amount of proceeds of settlement or judgment:                          $      14,875

b. Medical expenses to be paid from proceeds of settlement or judgment:     $      0

c. Attorney's fees to be paid from proceeds of settlement or judgment:       $      3,718.75

d. Expenses (other than medical) to be paid from proceeds of settlement or judgment:                                       $      3,581.45

e. Total fees and expenses to be paid from proceeds of settlement or judgment *(add (b), (c), and (d))*:                                 ($      7,300.2)

f. Balance of proceeds of settlement or judgment available for claimant after payment of all fees and expenses *(subtract (e) from (a))*:             $      7,574.8

**PETITION FOR APPROVAL OF COMPROMISE OF CLAIM
OR ACTION OR DISPOSITION OF PROCEEDS OF
JUDGMENT FOR MINOR OR PERSON WITH A DISABILITY**

**MC-350**

| CASE NAME:   A. H. v. Newport Mesa Unified School District | CASE NUMBER:<br>8:20-cv-00121-JWH-ADS |
|---|---|

**17. Information about attorney representing or assisting petitioner**

a. (1) ☐ Petitioner has not been represented or assisted by an attorney in preparing this petition or in any other way with respect to the claim asserted. *(Skip the rest of item 17 and go to item 18.)*

  (2) ☒ Petitioner has been represented or assisted by an attorney in preparing this petition or with respect to the claim asserted. Petitioner and the attorney ☐ do not ☒ do  have an agreement for services provided in connection with the claim giving rise to this petition.
  *(If you answered "do," attach a copy of the agreement as Attachment 17a, and complete items 17b–17f.)*

b. The attorney who has represented or assisted petitioner is *(name):*
  Sam Brown
  (1) State Bar number: 308558
  (2) Law firm: Hennig Ruiz & Singh P.C.
  (3) Address:
    3600 Wilshire BLVD. Ste 1960
    Los Angeles, California, 90010
  (4) Telephone number: 213-310-8301        (5) Email: sam@employmentattorneyla.com

c. The attorney ☒ has not ☐ has  received attorney's fees or other compensation in addition to that requested in this petition for services provided in connection with the claim giving rise to this petition. *(If you answered "has," identify the person who paid the fees or other compensation, the amounts paid, and the dates of payment):*

| From whom *(names)* | Amounts | Dates |
|---|---|---|
| | $ | |
| | $ | |
| | $ | |
| | $ | |
| | $ | |

  ☐ Continued on Attachment 17c.

d. The attorney ☒ did not ☐ did  become concerned with this matter, directly or indirectly, at the instance of a party against whom the claim is asserted or a party's insurance carrier. *(If you answered "did," explain the circumstances in Attachment 17d.)*

e. The attorney ☒ is not ☐ is  representing or employed by any other party or any insurance carrier involved in the matter. *(If you answered "is," identify the party or carrier and explain the relationship in Attachment 17e.)*

f. The attorney ☒ does not ☐ does  expect to receive attorney's fees or other compensation in addition to that requested in this petition for services provided in connection with the claim giving rise to this petition. *(If you answered "does," identify the person who will pay the fees or other compensation, the amounts to be paid, and the expected dates of payment):*

| From whom *(names)* | Amounts | Expected dates |
|---|---|---|
| | $ | |
| | $ | |
| | $ | |
| | $ | |
| | $ | |

  ☐ Continued on Attachment 17f.

**PETITION FOR APPROVAL OF COMPROMISE OF CLAIM
OR ACTION OR DISPOSITION OF PROCEEDS OF
JUDGMENT FOR MINOR OR PERSON WITH A DISABILITY**

**MC-350**

| CASE NAME:   A. H. v. Newport Mesa Unified School District | CASE NUMBER:<br>8:20-cv-00121-JWH-ADS |
|---|---|

18. **Disposition of balance for claimant** *(check either a or b, then check each option requested and enter amount(s)):*

a. ☐ There **is** a guardianship of the estate of the minor or a conservatorship of the estate of the adult person with a disability filed in *(name of court):*
   Case no.:

   (1) ☐ Petitioner requests that $ _____ of the proceeds in money or other property be paid or delivered to the guardian or the conservator of the estate. The money or other property is specified in Attachment 18a(1).

   (2) ☐ Petitioner is the guardian or conservator of the estate of the minor or the adult person with a disability. Petitioner requests authority to deposit or invest $ _____ of the money or property to be paid or delivered under 18a(1) in insured accounts in one or more financial institutions in this state or with a trust company, subject to withdrawal only on authorization of the court. The money or other property and the name, branch, and address of each financial institution or trust company are specified in Attachment 18a(2).

   (3) ☐ Petitioner proposes that all or a portion of the proceeds **not** become part of the guardianship or conservatorship estate. Petitioner requests authority to deposit or transfer these proceeds as follows *(check all that apply):*

      (a) ☐ $ _____ to be deposited in insured accounts in one or more financial institutions in this state, subject to withdrawal only on authorization of the court. The name, branch, and address of each depository are specified in Attachment 18a(3)(a).

      (b) ☐ $ _____ to be invested in a single-premium deferred annuity, subject to withdrawal only on authorization of the court. The terms and conditions of the annuity are specified in Attachment 18a(3)(b).

      (c) ☐ $ _____ to be transferred to a custodian for the benefit of the minor under the California Uniform Transfers to Minors Act. The name and address of the proposed custodian and the property to be transferred are specified in Attachment 18a(3)(c).

      (d) ☐ $ _____ to be transferred to the trustee of a trust that is either created by or approved in the order approving the settlement or judgment for the minor. This trust is revocable when the minor reaches 18 years of age and contains all other terms and conditions determined to be necessary by the court to protect the minor's interests. The terms of the proposed trust and the property to be transferred are specified in Attachment 18a(3)(d).
         ☐ A copy of the (proposed) judgment is attached as Attachment 3c.

      (e) ☐ $ _____ to be transferred to the trustee of a special needs trust under Probate Code section 3604 for the benefit of the minor or the adult person with a disability. The terms of the proposed special needs trust and the property to be transferred are specified in Attachment 18a(3)(e).

b. ☐ There is **no** guardianship or conservatorship of the estate of the claimant. Petitioner requests that the court order the disposition of the balance of the proceeds of the settlement or judgment as follows *(check each option requested):*

   (1) ☐ A guardian of the estate of the minor or a conservator of the estate of the adult person with a disability be appointed and $ _____ of money or other property be paid or delivered to the person so appointed. The money or other property are specified in Attachment 18b(1).

   (2) ☐ $ _____ be deposited in insured accounts in one or more financial institutions in this state, subject to withdrawal only on authorization of the court. The name, branch, and address of each depository are specified in Attachment 18b(2).

   (3) ☐ $ _____ be invested in a single-premium deferred annuity, subject to withdrawal only on authorization of the court. The terms and conditions of the annuity are specified in Attachment 18b(3).

   (4) ☐ $ _____ be paid or transferred to the trustee of a special needs trust established under Probate Code section 3604 for the benefit of the minor or the adult person with a disability. The terms of the proposed special needs trust and the money or other property to be paid or transferred are specified in Attachment 18b(4).

   (5) ☐ $ _____ be paid or delivered to a parent of the minor, without bond, on the terms and under the conditions specified in Probate Code sections 3401–3402. The name and address of the parent and the money or other property to be delivered are specified in Attachment 18b(5). *(Value of minor's entire estate, including the money or property to be delivered, must not exceed $5,000.)*

   (6) ☒ $7,574.8 _____ be transferred to a custodian for the benefit of the minor under the California Uniform Transfers to Minors Act. The name and address of the proposed custodian and the money or other property to be transferred are specified in Attachment 18b(6).

**PETITION FOR APPROVAL OF COMPROMISE OF CLAIM
OR ACTION OR DISPOSITION OF PROCEEDS OF
JUDGMENT FOR MINOR OR PERSON WITH A DISABILITY**

**MC-350**

| | |
|---|---|
| CASE NAME:   A. H. v. Newport Mesa Unified School District | CASE NUMBER:<br>8:20-cv-00121-JWH-ADS |

**18. Disposition of balance of proceeds of settlement or judgment** (continued)

   b. ☐  There is **no** guardianship or conservatorship of the estate of the claimant. Petitioner requests that the court order the disposition of the balance of the proceeds of the settlement or judgment as follows *(check each option requested):*

     (7) ☐  $ _____ be transferred to the trustee of a trust that is either created by or approved in the order approving the settlement or judgment for the minor. This trust is revocable when the minor reaches 18 years of age, and contains all other terms and conditions determined to be necessary by the court to protect the minor's interests. The terms of the proposed trust and the money or other property to be transferred are specified in Attachment 18b(7).
        ☐ A copy of the (proposed) judgment is attached as Attachment 3c.

     (8) ☐  $ _____ of money be held on any conditions the court determines are in the best interest of the minor or the adult person with a disability. The proposed conditions are specified on Attachment 18b(8). *(Amount must not exceed $20,000.)*

     (9) ☐  $ _____ of property other than money be held on the conditions that the court determines to be in the best interest of the minor or adult person with a disability. The proposed conditions and the property are specified in Attachment 18b(9).

     (10) ☐  $ _____ be deposited with the county treasurer of the County of   *(name):*
        The deposit is authorized under and subject to the conditions specified in Probate Code section 3611(h).

     (11) ☐  $ _____ be paid or delivered to the adult person with a disability. The money or other property is specified in Attachment 18b(11).

**19.** ☐  **Statutory liens for special needs trust**
     Petitioner requests an order for payment of funds to a special needs trust *(explain how statutory liens under Probate Code section 3604, if any, will be satisfied):*

     ☐ Continued on Attachment 19.

**20.** ☒  **Additional orders**
     Petitioner requests the following additional orders *(specify and explain):*

     Petitioner requests that the  check be issued to Petitioner--in A. H.'s name-who thereafter will deposit the check in an already existing bank account of which Petitioner is the trustee.

     ☐ Continued on Attachment 20.

| | |
|---|---|
| MC-350 [Rev. January 1, 2021] | **Page 9 of 10** |

**PETITION FOR APPROVAL OF COMPROMISE OF CLAIM OR ACTION OR DISPOSITION OF PROCEEDS OF JUDGMENT FOR MINOR OR PERSON WITH A DISABILITY**

| CASE NAME:   A. H. v. Newport Mesa Unified School District | CASE NUMBER:<br>8:20-cv-00121-JWH-ADS |
|---|---|

21. ☑ I, the claimant named in item 2, consent to the order or judgment requested in this petition.
*(Required if the claimant is an adult with a disability who has the capacity, under Probate Code section 812, to consent to the order or judgment and does not have a conservator of the estate. (See Prob. Code, § 3613.))*

Date:

REDACTEREDACTED

_____
(TYPE OR PRINT NAME OF CLAIMANT)

REDACTED

▶
_____
(SIGNATURE OF CLAIMANT)

22. Petitioner recommends approval of the proposed compromise, settlement, or disposition of judgment proceeds to the court as fair, reasonable, and in the best interest of the claimant. Petitioner requests that the court approve this compromise, settlement, or disposition and make any other orders that are just and reasonable.

23. Number of pages attached:  __22__

Date:  2/1/21

Sam Brown
_____
(TYPE OR PRINT NAME OF ATTORNEY)

▶
_____
(SIGNATURE OF ATTORNEY)

I declare under penalty of perjury under the laws of the State of California that the foregoing information on this form and all attachments is true and correct.

Date:  Jan 27, 2021

Carolyne Copeland
_____
(TYPE OR PRINT NAME OF PETITIONER)

▶
_____
(SIGNATURE OF PETITIONER)

MC-350 [Rev. January 1, 2021]

**PETITION FOR APPROVAL OF COMPROMISE OF CLAIM
OR ACTION OR DISPOSITION OF PROCEEDS OF
JUDGMENT FOR MINOR OR PERSON WITH A DISABILITY**

Page 10 of 10

# ATTACHMENT 10C TO FORM MC-350

# SETTLEMENT AGREEMENT

## MUTUAL RELEASE AND SETTLEMENT AGREEMENT

Re:     ***A.H. (a minor, by and through her Guardian ad Litem, Carolyn
        Copeland) and Carolyn Copeland v. Newport-Mesa Unified School
        District (also erroneously sued as Corona del Mar High School),
        Jennifer Gerjets, Michelle Stevens, Kirk Bauermeister, and Frederick
        Navarro***
        United States District Court, Central District of California, Case. No.
        8:20-cv-00121-JWH-ADS

        This Mutual Release and Settlement Agreement (hereafter referenced as the
"AGREEMENT") is entered into by plaintiffs Angelica Harris-Copeland (a minor, by
and through her guardian ad litem, Carolyn Copeland) and Carolyn Copeland
(hereafter referenced as the "PLAINTIFFS"), on the one hand, and Newport-Mesa
Unified School District (also erroneously sued as Corona del Mar High School,
Jennifer Gerjets, Michelle Stevens, Kirk Bauermeister, and Frederick Navarro
("DEFENDANTS"), on the other hand. All of the above-referenced individuals
and/or entities may be collectively referred to as the "PARTIES."


## 1.     RECITALS

        a.     On or about January 20, 2020, PLAINTIFFS filed a complaint in the
above-referenced action against DEFENDANTS, entitled *A.H., et al. v. Newport-
Mesa Unified School District, et al.*, United States District Court for the Central
District of California Case No. 8:20-cv-00121-JWH-ADS (hereafter referenced as the
"LAWSUIT").

        b.     PLAINTIFFS' complaint includes causes of action for: (1) violation of 42
U.S.C. § 2000d (hostile environment); (2) violation of 42 U.S.C. § 2000d
(discrimination); (3) violation of 42 U.S.C. § 1983 (free speech retaliation);
(4) violation of 42 U.S.C. § 1983 (equal protection); (5) violation of 42 U.S.C. § 1983
(equal protection in the exercise of free speech); and (6) violation of 42 U.S.C. §
1983 (intimate association).

1

c.   DEFENDANTS have denied, and continue to deny, PLAINTIFFS' claims against them in the LAWSUIT.

d.   Acknowledging PLAINTIFFS' claims, and DEFENDANTS' denials, the PARTIES intend to reach a final resolution and settlement of any and all disputed claims between the PARTIES which are the subject of, related to, or flowing from the LAWSUIT, whether known or unknown, anticipated or unanticipated. In furtherance of the PARTIES' desire to put an end to the LAWSUIT as between PLAINTIFFS and DEFENDANTS, the PARTIES agree to be bound by the terms and conditions set forth in this AGREEMENT.

**2.   AGREEMENT**

a.   PLAINTIFFS agree to effect a final resolution, settlement, and dismissal with prejudice of any and all known, unknown, anticipated, and unanticipated injuries, claims, and damages arising out of, in any way connected to, or resulting from PLAINTIFFS' claims in the LAWSUIT against DEFENDANTS, and any other party released by this AGREEMENT, in exchange for the sum of Fourteen Thousand Eight Hundred Seventy-Five Dollars ($14,875.00), each side to bear its own attorney fees and costs. Said settlement is contingent on the Court's order approving a minor's compromise.

b.   PLAINTIFFS, on behalf of themselves, their heirs, executors, administrators, successors, attorneys, agents, and/or assigns, hereby settle, release, and forever discharge DEFENDANTS, their heirs, executors, assigns, officers, directors, agents, employees, board members, administrators, affiliates, successors, attorneys, insurers, and reinsurers (hereinafter collectively "RELEASED PARTIES") from any, all, and every claim, demand, action, cause of action, and administrative or other proceeding of whatever kind or nature, including, but not limited to, any and all known, unknown, anticipated, and unanticipated injuries, claims, and damages for all conduct or events occurring prior to the date of execution of this AGREEMENT, including, but not limited to, all claims arising out of, in any way connected to, or resulting from PLAINTIFFS' claims in the LAWSUIT or the subject matter of the LAWSUIT.

c.      It is expressly understood that the sum of Fourteen Thousand Eight Hundred Seventy-Five Dollars ($14,875.00) is the entire consideration to be paid by or on behalf of DEFENDANTS as a result of this AGREEMENT. It is further expressly understood that this AGREEMENT fully and forever dismisses the LAWSUIT, and each and every cause of action against DEFENDANTS, in its entirety, with prejudice.

d.      As further consideration and inducement for this settlement, PLAINTIFFS agree to defend, indemnify, protect, and hold harmless DEFENDANTS and RELEASED PARTIES from and against any and all claims, rights, or demands for indemnification, contribution, or defense obligations, as well as claims, losses, liabilities, actions, damages, causes of action, liens, rights of subrogation, judgments, costs, and expenses, including attorney fees, whatsoever, made by, sustained by, or arising from any person, attorney/law firm, corporation, partnership, state or federal government, governmental agency, hospital, or any other medical provider, health care provider, disability or insurance benefits provider, workers compensation carrier, MediCal, Medicare, Medicaid, CMS, or any other entity arising in whole or in part arising out of, in any way connected to, or resulting from PLAINTIFFS' allegations in the LAWSUIT.

## 3.      REPRESENTATIONS AND WARRANTIES

a.      Carolyn Copeland is a competent adult, over the age of 18, who has been appointed by the Court as Angelica Harris-Copeland's guardian ad litem, and is able to and does understand each and every term and/or condition of this AGREEMENT and voluntarily agrees on her own behalf, as well as on behalf of Angelica Harris-Copeland, to be bound thereby.

b.      PLAINTIFFS represent and warrant that they have not previously assigned, transferred, granted, or purported to assign, transfer, or grant any of the claims, rights, demands, or causes of action, whether known or unknown, anticipated or unanticipated, disposed of by this AGREEMENT. PLAINTIFFS thereby represent and warrant that they maintain complete authority to enter into this AGREEMENT and to forever dismiss and discharge the claims, rights, demands, and causes of action, whether known or unknown, anticipated or unanticipated, arising out of, in any way connected to, or resulting from PLAINTIFFS' allegations in the LAWSUIT.

3

c.    PLAINTIFFS understand and acknowledge that liability is disputed by DEFENDANTS and that this AGREEMENT constitutes a compromise of disputed claims and shall not be construed as an admission of liability by any of the PARTIES to this AGREEMENT. The PARTIES enter into this AGREEMENT solely to avoid the uncertainties, delay, and expense of further litigation.

d.    This AGREEMENT is a full and final release applying to all known or unknown, anticipated or unanticipated injuries, claims, rights, demands, or causes of action for all conduct or events occurring prior to the date of execution of this AGREEMENT. PLAINTIFFS expressly and intentionally waive all rights and benefits which they now have, may have had, or may have in the future, pursuant to the terms of Section 1542 of California's Civil Code, as it relates to all conduct or events occurring prior to the date of execution of this AGREEMENT.

**California Civil Code, section 1542, provides:**

**A general release does not extend to the claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her would have materially affected his or her settlement with the debtor or released party.**

e.    PLAINTIFFS represent and warrant that they are currently unaware of, and/or have not affirmatively provided DEFENDANTS or DEFENDANTS' counsel with, the identification of any lien holders or other interested persons, attorneys/law firms, corporations, partnerships, state or federal governments, governmental agencies, hospitals, or any other medical providers, health care providers, disability or insurance benefits providers, workers compensation carriers, MediCal, Medicare, Medicaid, CMS, or any other entities who have perfected and/or asserted any interest in any of the sums to be paid pursuant to this AGREEMENT. Further, PLAINTIFFS represent and warrant that they have not received or been eligible to receive any benefits through a government healthcare provider including, but not limited to, MediCal, Medicare, Medicaid, CMS, or other government healthcare or victims compensation agency for injuries arising from, in any way connected to, or resulting from PLAINTIFFS' allegations in the LAWSUIT. Should PLAINTIFFS hereafter discover that there exist lien holders or other interested persons, attorneys/law firms, corporations, partnerships, state or

4

federal governments, governmental agencies, hospitals, or any other medical providers, health care providers, disability or insurance benefits providers, workers compensation carriers, MediCal, Medicare, Medicaid, CMS, or any other entities who have perfected and/or asserted any interest in any of the sums to be paid pursuant to this AGREEMENT, PLAINTIFFS agree to satisfy from the proceeds of this AGREEMENT, and be solely responsible for, any and all liens, rights of subrogation, defense/indemnity claims, losses, liabilities, actions, damages, causes of action, judgments, costs, and expenses, including attorney fees, whatsoever, asserted by, alleged by or on behalf of, sustained by, or arising from any lien holders or other interested persons, corporations, partnerships, state or federal governments, governmental agencies, hospitals, or any other medical providers, health care providers, disability or insurance benefits providers, workers compensation carriers, MediCal, Medicare, Medicaid, CMS, or any other entity arising from, in any way connected to, or resulting from PLAINTIFFS' allegations in the LAWSUIT.

## 4.    GENERAL TERMS AND CONDITIONS

a.    The PARTIES expressly condition this settlement, and the enforcement of the terms of this AGREEMENT, on approval of this settlement through a petition for minor's compromise to be brought by counsel for PLAINTIFFS within 14 calendar days after full execution of this AGREEMENT. Upon an order being entered approving the minor's compromise petition, payment of the settlement funds shall be transmitted not later than 21 days after entry of such order. Within 10 days of the transmittal of the settlement funds in accordance with the Court's order on the minor's compromise, the PARTIES shall file a Joint Motion to Dismiss or other document needed to effectuate the full dismissal with prejudice of the LAWSUIT.

b.    The PARTIES to this AGREEMENT agree to bear their own attorney fees and costs for prosecution and/or defense of the subject action and any other expenses for all matters related to or arising from the LAWSUIT.

c.    The PARTIES agree the language of this AGREEMENT shall not be construed against any of the PARTIES. The PARTIES further warrant and represent in executing this AGREEMENT that they have each had the opportunity to seek legal advice from the attorney and/or attorneys of their choosing, and the terms of this AGREEMENT and its consequences have been completely read and explained to

any such party by their attorney(s). However, irrespective of whether the PARTIES have availed himself/herself/itself/themselves of the opportunity to have an attorney review this AGREEMENT and obtain advice regarding the propriety of entering this AGREEMENT, each party represents and warrants that they fully understand the terms and consequences of executing this AGREEMENT, and each such party executes it and agrees to be bound by the terms set forth herein knowingly, intelligently, and voluntarily.

d.    This AGREEMENT is the result of negotiation between the PARTIES and is the fully integrated and final expression of the settlement described herein and supersedes any and all previous written or oral communications. This AGREEMENT may not be altered, changed, or amended without a subsequent written document signed by all of the PARTIES.

e.    This AGREEMENT shall be deemed to have been executed and delivered within the State of California. The rights and obligations of the PARTIES hereto shall be construed and enforced in accordance with, and governed by, the laws of the State of California, without regard to choice of law rules. Should a dispute arise from, or relating to, the terms and conditions identified in this AGREEMENT, venue shall be in Orange County.

f.    In the event that any one provision or portion of this AGREEMENT is later determined by a court of competent jurisdiction to be void or voidable, the PARTIES agree that any such language or provisions shall be severable, and that any such provisions so severed shall not affect the validity of the remainder of the AGREEMENT subsequent to such severance.

g.    PLAINTIFFS expressly assume the obligations, liabilities, and consequences if any, and of whatever nature, arising from the receipt of settlement proceeds as a taxable event or transaction.

h.    This AGREEMENT may be executed in counterparts and, when all executed signatures pages are taken together, shall constitute a complete AGREEMENT. A signature by fax has the same force and effect as an original signature.

6

**I HEREBY CERTIFY THAT I HAVE READ THIS ENTIRE AGREEMENT, KNOW THE
CONTENTS THEREOF, FULLY UNDERSTAND AND AGREE TO BE LEGALLY BOUND
THEREBY, AND IN AGREEMENT WITH THE FOREGOING, I HAVE EXECUTED THIS
RELEASE ON THE DATE AND IN THE LOCATION INDICATED, BY MY OWN FREE
HAND.**

Dated:_____          _____

                                  Carolyn   Copeland,   on   behalf   of
                                  herself, and as guardian ad litem for
                                  Angelica Harris-Copeland

Dated:_____          _____

                                  Russell Lee-Sung, Superintendent
                                  on behalf of Newport-Mesa Unified
                                  School District

Dated:_____          _____

                                  Jennifer Gerjets

Dated:_____          _____

                                  Michelle Stevens

Dated:_____          _____

                                  Kirk Bauermeister

Dated:_____          _____

                                  Frederick Navarro

7

I HEREBY CERTIFY THAT I HAVE READ THIS ENTIRE AGREEMENT, KNOW THE
CONTENTS THEREOF, FULLY UNDERSTAND AND AGREE TO BE LEGALLY BOUND
THEREBY, AND IN AGREEMENT WITH THE FOREGOING, I HAVE EXECUTED THIS
RELEASE ON THE DATE AND IN THE LOCATION INDICATED, BY MY OWN FREE
HAND.

Dated: **12/23/20**

Carolyn   Copeland,   on   behalf   of
herself, and as guardian ad litem for
Angelica Harris-Copeland

Dated: _____

Russell Lee-Sung, Superintendent
on behalf of Newport-Mesa Unified
School District

Dated: 1/11/21

Jennifer Gerjets

Dated: _____

Michelle Stevens

Dated: _____

Kirk Bauermeister

Dated: _____

Frederick Navarro

7

**I HEREBY CERTIFY THAT I HAVE READ THIS ENTIRE AGREEMENT, KNOW THE CONTENTS THEREOF, FULLY UNDERSTAND AND AGREE TO BE LEGALLY BOUND THEREBY, AND IN AGREEMENT WITH THE FOREGOING, I HAVE EXECUTED THIS RELEASE ON THE DATE AND IN THE LOCATION INDICATED, BY MY OWN FREE HAND.**

Dated:_____

_____
Carolyn Copeland, on behalf of herself, and as guardian ad litem for Angelica Harris-Copeland

Dated: 12/30/20

_____
Russell Lee-Sung, Superintendent on behalf of Newport-Mesa Unified School District

Dated:_____

_____
Jennifer Gerjets

Dated: 1/13/21

_____
Michelle Stevens

Dated: 1/11/21

_____
Kirk Bauermeister

Dated: 1/13/21

_____
Frederick Navarro

7

# ATTACHMENT 13a TO FORM MC-350

# BROWN DECLARATION

# (ALSO FILED CONCURRENTLY)

ROB HENNIG (STATE BAR NO. 174646)
SEREENA SINGH (STATE BAR NO. 276781)
SAM BROWN (STATE BAR NO. 308558)
HENNIG, RUIZ & SINGH P.C.
3600 Wilshire Blvd., Suite 1908
Los Angeles, CA 90010
Telephone: (213) 310-8301
Fax: (213) 310-8302

Attorneys for A. H. by and through her
Guardian *Ad Litem* Carolyne Copeland and
Carolyne Copeland

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| A. H., a minor, by and through her Guardian *Ad Litem*, Carolyne Copeland, an individual and CAROLYNE COPELAND, an individual, <br><br> Plaintiff; <br><br> vs. <br><br> NEWPORT-MESA UNIFIED SCHOOL DISTRICT, a public entity; CORONA DEL MAR HIGH SCHOOL, a public entity; JENNIFER GERJETS, an individual sued in her personal capacity, MICHELLE STEVENS, an individual sued in her personal capacity; KIRK BAUERMEISTER, an individual sued in his personal capacity, and FREDERICK NAVARRO, an individual sued in his official capacity as Superintendent of Newport-Mesa Unified School District. <br><br> Defendants. | CASE NO. 8:20-cv-00121-DOC-ADS <br><br> **DECLARATION OF SAM BROWN IN SUPPORT OF PETITION FOR APPROVAL OF MINOR'S COMPROMISE AND ATTORNEYS' FEES** |

HENNIG
RUIZ &
SINGH

1

## DECLARATION OF SAM BROWN

I,      Sam Brown, do declare as follows:

1.      I am an attorney licensed to practice in the State of California and this

district, and an associate of Hennig Ruiz & Singh P.C., counsel for Plaintiffs' A.H.

(by and through her guardian *ad litem*, Carolyne Copeland) and Carolyne Copeland.

2.      I have personal knowledge of the facts I am hereafter attesting to.  This

personal knowledge has been attained either by my own observations or the

underlying records and documents of this litigation.  If called upon to testify as

witness to the following statements, I could and would do so truthfully and based

upon my personal knowledge, excepting those matters, stated upon information and

belief, in which case I believe them to be true.

3.      Plaintiff A. H. ("A. H.") suffered damages and continues to suffer

from emotional distress as a result of harassment and discrimination that violated

her rights under the United States Constitution and Title VI of the Civil Rights Act.

A. H. alleged that she was harassed and denied an equal education on account of

her race by Defendants Newport Mesa Unified School District, Michelle Stevens,

Jennifer Gerjets, Frederick Navarro, and Kirk Bauermeister.  A. H. is a student

matriculating within Newport-Mesa Unified School District and alleged that in or

around April of 2019, Stevens and Gerjets made a series of racially hostile

comments to her after A. H. had sought their assistance on issues she was dealing

with at school.  A. H. and her mother—co-Plaintiff-Carolyne Copeland

2

Hennig
Ruiz &
Singh

(collectively with A. H. "Plaintiffs") complained to the district about the conduct, but alleged that nothing was done about their complaints.  After the district failed to act, Plaintiffs decided to pursue litigation.

4.    Plaintiffs retained my services on a contingency-fee basis. They did not have the means to pay my regular fees on an hourly basis. My firm's standard rate of compensation for our services under a contingency fee arrangement in a case involving a minor in a civil rights is 25% of all amounts received by compromise of the case.

5.    I am, and at all relevant time periods was, the primary, attorney assigned to this matter. I drafted the Complaint in this matter, propounded and responded to discovery requests, prepared all stipulations, took all Plaintiff-initiated depositions, and did the majority of the work in preparing for the parties' mandatory settlement conference.  The following is a non-exhaustive list of discovery in this case.

a.  I propounded the following discovery: (1) Requests for Production (Set One) to Defendant Newport Mesa Unified School District.  I responded to the following discovery: (1) Interrogatories – Employment from Defendant Bauermeister; (2) Interrogatories – General from Defendant Gerjets; (3) Interrogatories from Defendant Stevens; (4) Interrogatories from Defendant Navarro; (5) Interrogatories from Defendant Newport-Mesa Unified School

HENNIG
RUIZ &
SINGH

District; (6) Requests for Admission from Defendants Stevens; and (7) Requests for Production (Set One) from Defendant Newport Mesa Unified School District.

b.  I took the depositions of Defendant Stevens and Defendant Gerjets.

c.  I attended the parties' Rule 26 early conference and prepared Plaintiff's initial disclosures.

d.  I participated in telephonic and written meet and confer related to Defendants' service of subpoenas on third party medical providers.

6.      Pursuant to Cal. Rules of Court, Rule 7.955(a), this Court must consider the terms of the fee agreement in this case between my firm and the representatives of the Plaintiffs and must evaluate the agreement based upon the facts and circumstances at the time the agreement was made, which in this case was a nuanced civil rights case with little to no economic damages, uncertain prospects of recovery, and a Defendant that had conducted and internal investigation that had largely—in Plaintiffs' view improperly-absolved the alleged bad actors.

7.      In this case, A. H., by and through his guardian ad litem, Carolyne Copeland, agreed that my office would receive 25% of all amounts received by compromise of Plaintiffs' case. My office has, as detailed above in ¶ 5, took the depositions of two witnesses and has served responses to numerous discovery devices.  My office also prepared for and represented Plaintiffs at a mandatory settlement conference, ultimately obtaining a reasonable settlement.  My firm's total

4

HENNIG
RUIZ &
SINGH

attorneys' fees based upon the retainer are $3,718.75 (25% of $14,875). Costs expended in this matter were $3,581.45.

8.      As per the practice of my law firm, I kept track of my hours with contemporaneous notes using a spreadsheet on my firm computer. In preparation for the parties' Mandatory Settlement Conference, I collated and reviewed all time spent on the Plaintiffs' case. As of the date of conference—December 8, 2020, I had worked at least 63.7 hours on the case. Indeed, I have spent in excess of this time as I often do not record time for assorted short tasks such as listening to messages or reviewing an email or other such quick work. I have also not included any of the time spent following the settlement conference.

9.       My firm's contingency fee rate is reasonable, a fair representation of the services I provided, and reflects my educational background, experience and expertise. My current hourly rate is $620 per hour.

a.      I graduated from UCLA in 2007 with a bachelor of arts in English Literature.

b.      I received my law degree from USC-Gould School of Law in 2015, and graduated Order of the Coif.  I took the California bar exam in the fall of 2015, passed, and was admitted to practice law in January of 2016.  While a student at USC-Gould I worked as Peer Tutor—assisting First Year Students with exam preparation and outlining, I served as a Saks Scholar, worked as a Research Assistant, and I

HENNIG
RUIZ &
SINGH

DECLARATION OF SAM BROWN IN SUPPORT OF PETITION FOR APPROVAL OF MINOR'S

received the designation of "Public Interest Law Student of Year" in my final year.  I received several "American Jurisprudence" Awards for obtaining the highest grade in a course, including Administrative Law, Labor Law, and International Criminal Law.  I received a "Highest Honors" designation in other courses, including Evidence, First Amendment, and Employment Law.

c.      From January 2016 through May of 2017 I practiced law full-time, representing plaintiffs in civil rights cases, in the areas of employment, education, and police brutality.  From May of 2017 through May of 2018 I served as a judicial law clerk for the Hon. George Wu in the Central District of California.  From May of 2018 to present I have practiced law full-time, again representing plaintiffs in civil rights cases.  In my combined experience practicing law, I have sat second chair at two trials, and litigated cases in both state and federal court.  I have practiced law exclusively as an Associate at a small plaintiff's side employment firm, Hennig Ruiz & Singh P.C.  In my time there the firm has had between four and eight attorneys.  In this small firm setting I was tasked with taking primary responsibilities on cases within my first 6 months of practice and have taken almost 90% of the depositions in the over 20 cases I have litigated.

d.      I am a current member of the California Employment Lawyers

6

HENNIG
RUIZ &
SINGH

Association (CELA) and the Federal Bar Association. I attend the conferences for each organization on an annual basis and keep abreast of recent developments in the law.

10.    The 25% fee rate that my firm is requesting in this case is reasonable because this case required time and effort, without considerable risk of small recovery due to a number of factors, including:

a.    In this case, like the vast majority of our cases, my firm represented Plaintiffs on a contingency fee basis and advanced all costs expended in the litigation as well as our time and work upon the expectation of being paid at the end. Our representation of Plaintiffs began in 2019. This has meant that we have advanced costs and continued to work on this case without pay for over a year – all in the expectation of future payment. Because the firm is taking the risk that it will not be reimbursed for any of my time expended or work performed unless I am able to settle my client's claims or prevail at trial, the firm cannot afford to represent individual victims in Civil Rights cases, if, at the end of the representation, our fees are reduced.

b.    A. H. is a minor, requiring additional explanation, preparation, and time to participate in litigation. It was very important throughout the process to ensure that she understood what was happening procedurally and understand her role in litigation.

DECLARATION OF SAM BROWN IN SUPPORT OF PETITION FOR APPROVAL OF MINOR'S

HENNIG
RUIZ &
SINGH

c.   It is my understanding that fee rate is consistent with market rates in cases such as this.

11.   Because most individuals cannot afford to pay for my representation in litigation on an hourly basis, I represent virtually all of my clients on a contingency fee basis. Pursuant to this arrangement, I am not compensated for my time unless I prevail at trial or successfully settle my client's cases. Because I am taking the risk that I will not be reimbursed for my time unless my client settles or wins his or her case, I cannot afford to represent a client on a contingency basis if, at the end of my representation, the fees and costs of my firm's services are reduced. It is essential that I recover the 25% fee rate that Plaintiffs and I agreed on in settling their case if I am to remain in practice and be able to continue representing other individuals of modest means in small value anti-racism cases in the future.

12.   If the attorneys' fees and costs requested in this case that reflect my educational and professional background, knowledge, and skill level are not granted, it will be difficult for me to accept cases such as Plaintiffs' in the future.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 1st day of February, 2021, at Pasadena, California,

Sam Brown

8

DECLARATION OF SAM BROWN IN SUPPORT OF PETITION FOR APPROVAL OF MINOR'S

HENNIG
RUIZ &
SINGH

# ATTACHMENT 17a TO FORM MC-350

# CONTIGENCY FEE AGREEMENT



# CONTINGENT FEE RETAINER AGREEMENT FOR LEGAL SERVICES
### (In compliance with Cal. Bus. & Prof. Code § 6147)

1.  **PARTIES AND CASE.** ANGELICA HARRIS, BY AND THROUGH HER GUARDIAN AD LITEM CAROLYNE COPELAND , hereinafter called CLIENT, hereby contracts to employ HENNIG RUIZ & SINGH, p.c., hereinafter called ATTORNEYS, to represent CLIENT and to prosecute any and all legal actions that client may have, including arbitrations, against any persons or entity for injuries and damages resulting from

    Claims against Newport-Mesa Unified School District, Corona Del Mar Middle & High School, and any agents thereof arising from the deprivation of CLIENT'S Federal and/or state civil rights while CLIENT attended Corona Del Mar Middle & High School.

    hereinafter CASE, and for no other matter.  CLIENT represents to ATTORNEYS that CLIENT brings these legal allegations in good-faith, without malice, and without any material misrepresentation or intentional misrepresentation of any kind.

2.  **DEFENSE OF OTHER LITIGATION.**  This retainer covers CASE and no other legal work. Unless specifically set forth in an attachment to this Representation Agreement, ATTORNEYS will not undertake to defend any litigation commenced by CLIENT's present or former employer unless CLIENT agrees to a separate Representation Agreement – i.e. this Retainer does not include defending CLIENT against claims brought against CLIENT.  This representation also does not include representation concerning Workers Compensation and/or before the Workers Compensation Appeals Board or for any other litigation or matters. ATTORNEY's representation is limited solely to the express terms of this Retainer.  No other work or engagement will be done – or fees charged – other than those expressly stated in this agreement.

3.  **ATTORNEYS'S COMPENSATION.**  In lieu of paying for services on an hourly basis, ATTORNEYS shall be paid on a contingency fee basis.  As compensation for ATTORNEYS services, ATTORNEYS are to receive:

    25.00 %    of all amounts received by compromise of the CASE prior to the filing of any case;

    25.00 %    of all amounts received after filing of any complaint;

    25.00 %    of all amounts received by compromise of the CASE after the taking of any depositions or the service of any written discovery responses by any party;

<u>25.00</u> %  of all amounts received by compromise of the CASE after any service and/or filing of any opposition to a motion for summary judgment but prior to the attainment of a jury verdict; and

<u>25.00</u> %  of all amounts received by jury verdict or by compromise of the CASE after the rendering of a jury verdict

These percentages for ATTORNEYS' fees are to be received regardless of the source of said compromise.  California law specifically states that all contingency fee agreements are subject to negotiation and CLIENT acknowledges having been informed that these percentages are subject to negotiation. Indeed, both ATTORNEYS and CLIENT acknowledge that the parties have had an opportunity to negotiate and bargain as to these fees.  In the event that there is no recovery, ATTORNEYS shall receive nothing for their services.

This contract does not cover appeals.  ATTORNEYS' fees and expenses for appeals shall be negotiated at the time the appeal is sought by any party to the litigation.

Court-Awarded ATTORNEYS Fees.   In the event a court makes an award of ATTORNEYS fees, ATTORNEYS will be entitled to either (1) the contingency fee of the percent of judgment or award set forth above which would include both the damages and ATTORNEYS fees awarded, or (2) the amount of the court-awarded fees; whichever is higher.

In the event that the Court does award ATTORNEYS fees and ATTORNEYS elects to receive the contingency fee, CLIENT is entitled to a credit for whatever ATTORNEYS fees are awarded to ATTORNEYS.

Any ATTORNEYS fees awarded as sanctions in a discovery dispute or otherwise ordered by a Court are the exempted and are the exclusive property of ATTORNEYS.

4.    **HOURLY FEE WAIVED.  **CLIENT has the right to request that this matter be handled entirely on an hourly fee basis, at $945 per hour (for Rob Hennig) and for other rates available for other attorneys in this office, payable as work progresses, or to seek a lower contingency fee from other law firms, or to negotiate a lower rate with ATTORNEYS. CLIENT, however, wishes to retain ATTORNEYS under the fee agreement set forth herein, despite being advised of his or her alternate rights.  Legal fees in this case are not set by law but rather are negotiated between ATTORNEYS and CLIENT.

5.    **ELECTION NOT TO PROSECUTE. **Should CLIENT elect not to proceed with the filing of the CASE in Court or where CLIENT seeks voluntary dismissal of his or her CASE in a way that denies ATTORNEYS any recovery of their fees either by way of the contingency fee stated herein or ATTORNEYS' fees, CLIENT and ATTORNEYS agree that CLIENT will compensate ATTORNEYS at an hourly rate based upon the work done on CASE.

6.    **LEGAL SERVICES TO BE PROVIDED.  **The legal services to be provided by ATTORNEYS to CLIENT are as follows:  To obtain compensation for CLIENT's damages stemming from violations of her federal and state civil rights while matriculating

at Corona Del Mar High School and to take all necessary legal actions including, but not limited to, filing civil actions, arbitration claims, and administrative claims.

7.    **LEGAL COSTS.**  Legal costs are monies expended solely for the prosecution of CLIENT'S CASE, and may include, among other items:  investigation, court filings, depositions, expert witnesses, subpoenas, traveling, photocopying, fax, long distance telephone calls, jury consultation and preparation, arbitration, postage, etc.  CLIENT is responsible to pay all legal costs.  ATTORNEYS may elect to advance costs in this case at ATTORNEYS exclusive option.  All advances of expenses shall accrue interest at the rate of 8 percent per annum – payable at the time of payment of lien.

8.    **ATTORNEYS' LIEN.**  ATTORNEYS have a lien for ATTORNEYS fees and any legal costs advanced upon the CASE, any judgment obtained thereon, or the proceeds of any settlement or recovery.

9.    **AUTHORIZATIONS**.  CLIENT understands that any case handled under a contingency fee agreement by ATTORNEYS requires greater discretion to the ATTORNEYS to be able to prosecute the case without time consuming CLIENT micro-management or constant authorizations by CLIENT.   ATTORNEYS request and CLIENT agrees to provide maximum flexibility to ATTORNEYS to work on behalf of the CLIENT.  CLIENT expressly authorizes ATTORNEYS to exercise ATTORNEYS' best judgment and professional expertise to prosecute CLIENT'S case in CLIENT'S best interests including appropriate litigation strategy and tactics. CLIENT understands that this authorization is limited to prosecution and strategy and that CLIENT alone shall have the power to settle the case and that ATTORNEYS have a responsibility to bring any good-faith settlement offer to CLIENT for  CLIENT's review.  CLIENT also shall be kept informed by ATTORNEYS of all important litigation events on a reasonably timely basis. CLIENT, furthermore, authorizes ATTORNEYS to pay directly from CLIENT's share of settlement or recovery any outstanding liens.

10.    **TERMINATION OF SERVICES.**  CLIENT has the right to terminate ATTORNEYS at any time upon written notice to ATTORNEYS.  If CLIENT terminates ATTORNEYS, or fails to cooperate, or substitutes another attorney for ATTORNEYS, CLIENT shall be responsible for the reasonable value of legal services rendered on behalf of CLIENT. CLIENT expressly authorizes and accepts a lien for the reasonable value of all services rendered and for any costs incurred on behalf of CLIENT on any collection of money received from CASE from any source.  The reasonable value of ATTORNEYS' work shall be based upon ATTORNEYS' hourly rate in place at the time of termination or withdrawal. ATTORNEYS may withdraw from CLIENT's representation and the CLIENT shall consent to said withdrawal if, at any time, CLIENT:

- Insists upon presenting a claim or defense that is not warranted under existing law and cannot, in ATTORNEYS' sole discretion, be supported by good faith argument;
- Pursues or insists that ATTORNEYS pursue an illegal, unethical or unreasonable course of conduct;
- Deliberately disregards an agreement or obligation;
- Fails to fully and promptly cooperate with ATTORNEYS in any matter; or

- Fails to accept and follow ATTORNEYS' advice and good-faith recommendation for settlement.

In any of these circumstances, CLIENT expressly authorizes and agrees to cooperate in ATTORNEYS' withdrawal with the express authorization that ATTORNEY shall have a lien for the reasonable value of legal service rendered and for all costs incurred on behalf of CLIENT.

ATTORNEYS or CLIENT may terminate the attorney-client relationship at any time upon written notice to the other for the above reasons.  ATTORNEYS or CLIENT may also terminate the attorney-client relationship upon reasonable notice and to the extent that CLIENT is not prejudiced for any reason.

11.    **COOPERATION.**  CLIENT agrees to cooperate fully in all phases of litigation and to immediately notify ATTORNEYS of any change of employment, address, telephone number, or electronic mail account.  CLIENT will be truthful with ATTORNEYS, cooperate with ATTORNEYS,  respond helpfully and thoroughly to ATTORNEYS' requests for assistance in pursuing CLIENT's claim, keep ATTORNEYS reasonably informed of developments.  CLIENT will immediately advise ATTORNEYS if CLIENT is contemplating a bankruptcy or does file for bankruptcy.  CLIENT agrees to be completely and totally honest with ATTORNEYS about all matters understanding that a material misrepresentation by CLIENT to the ATTORNEY is adequate cause for ATTORNEYS's immediate withdrawal.

CLIENT further agrees that should CLIENT reject a settlement offer recommended by ATTORNEYS and if ATTORNEYS do not withdrawal from case, CLIENT expressly agrees that CLIENT will agree to pay for all CASE costs after said rejection of a settlement offer.

12.    **TAXES.**  In the event of a potential or actual recovery for CLIENT, there may be tax implications or questions to consider.  CLIENT understands that ATTORNEYS does not give tax advice.  If CLIENT desires advice regarding taxes, CLIENT will seek advice from CLIENT's own tax advisor.

13.    **HENNIG RUIZ & SINGH AND ASSOCIATE COUNSEL.**  HENNIG RUIZ & SINGH is a law firm with several attorneys. CLIENT understands that multiple attorneys will be working on CLIENT's case and that ATTORNEYS cannot and will not guarantee that any one attorney affiliated with this office will do specific work. HENNIG RUIZ & SINGH assigns specific work to specific attorneys on an as needed basis that includes multiple factors including the relative workload of specific attorneys at the time of assignment. CLIENT accepts and agrees that CLIENT is hiring the HENNIG RUIZ & SINGH law firm and not any one specific attorney.  ATTORNEYS are also authorized to employ associate counsel to assist in this representation, should ATTORNEYS deem it advisable.  All ATTORNEYS fees for associate counsel shall be borne by ATTORNEYS at no additional expense to CLIENT unless otherwise agreed between the parties to this agreement. ATTORNEYS, at their sole discretion, shall determine who shall perform work on this matter.

14.    **ATTORNEYS OPINIONS – NO GUARANTEE OF RESULTS.**    CLIENT acknowledges that ATTORNEYS have not made promises or guarantees of settlement or recovery and all expressions relative thereto are matters of opinion only.

ATTORNEYS cannot and do not guarantee any particular result.  CLIENT acknowledges that ATTORNEYS have made no promises about the outcome of the representation, and that any opinion offered by ATTORNEYS now or in the future will not constitute a guarantee.

15.    **OPPORTUNITY FOR REVIEW BY ANOTHER ATTORNEY**.  CLIENT is advised that he/she has the right to consult with another attorney for legal advice concerning this fee agreement.  In signing this agreement CLIENT represents that she/he has either consulted with another attorney or has waived the right to so consult.

16.    **DOCUMENT RETENTION.**  CLIENT acknowledges that after the resolution of this CASE or after ATTORNEYS' completion of work on this CASE, that any and all hard copies of any documents created, received, or related to this CASE by ATTORNEYS will be destroyed. ATTORNEYS will maintain electronic copies of all documents created, received or related to this CASE for a period of three years and may, thereafter, be destroyed.

17.    **FULL AND COMPLETE AGREEMENT.**  This agreement sets forth the entire agreement between CLIENT  and ATTORNEYS with respect to CASE and the matters described herein.  Terms and conditions hereof shall not be modified or revoked unless by written agreement signed by both parties.

18.    **READ AND UNDERSTOOD.**  CLIENT acknowledges that CLIENT has read this Agreement in its entirety.  CLIENT further acknowledges that CLIENT has been given the opportunity to ask any questions about this Agreement and has asked any questions CLIENT may have about this Agreement.  CLIENT has understood any and all answers provided to CLIENT by ATTORNEYS concerning this Agreement and understands this Agreement.  CLIENT further acknowledges that CLIENT considers this Agreement to be fair and reasonable.

19.    **EXECUTION IN COUNTERPARTS AND BY FACSIMILE.** This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.  Further, signatures delivered via facsimile transmission or by email attachment shall have the same force, validity and effect as the original signatures to this Agreement.

I ACCEPT THE ABOVE TERMS IN                I ACKNOWLEDGE THE ABOVE TERMS
LIEU OF PAYING FOR SERVICES              AND ACCEPT EMPLOYMENT ON
ON AN HOURLY BASIS                               BEHALF OF CLIENT

_____          _____
CLIENT – ANGELICA HARRIS                     HENNIG RUIZ & SINGH, P.C.
                                                              BRANDON RUIZ

10/7/19
_____
DATE

_____
DATE

_____
CAROLYNE COPELAND
GUARDIAN AD LITEM

10-7-19
_____
DATE



## CONTINGENT FEE RETAINER AGREEMENT FOR LEGAL SERVICES
### (In compliance with Cal. Bus. & Prof. Code § 6147)

1.  **PARTIES AND CASE**. CAROLYNE COPELAND, hereinafter called CLIENT, hereby contracts to employ HENNIG RUIZ & SINGH, p.c., hereinafter called ATTORNEYS, to represent CLIENT and to prosecute any and all legal actions that client may have, including arbitrations, against any persons or entity for injuries and damages resulting from

    Claims against Newport-Mesa Unified School District, Corona Del Mar Middle & High School, and any agents thereof arising from the deprivation of CLIENT'S Federal and/or state civil rights while CLIENT's daughter ANGELICA HARRIS attended Corona Del Mar Middle & High School.

    hereinafter CASE, and for no other matter.  CLIENT represents to ATTORNEYS that CLIENT brings these legal allegations in good-faith, without malice, and without any material misrepresentation or intentional misrepresentation of any kind.

2.  **DEFENSE OF OTHER LITIGATION.**  This retainer covers CASE and no other legal work. Unless specifically set forth in an attachment to this Representation Agreement, ATTORNEYS will not undertake to defend any litigation commenced by CLIENT's present or former employer unless CLIENT agrees to a separate Representation Agreement – i.e. this Retainer does not include defending CLIENT against claims brought against CLIENT.  This representation also does not include representation concerning Workers Compensation and/or before the Workers Compensation Appeals Board or for any other litigation or matters. ATTORNEY's representation is limited solely to the express terms of this Retainer.  No other work or engagement will be done – or fees charged – other than those expressly stated in this agreement.

3.  **ATTORNEYS'S COMPENSATION.**   In lieu of paying for services on an hourly basis, ATTORNEYS shall be paid on a contingency fee basis.   As compensation for ATTORNEYS services, ATTORNEYS are to receive:

    25.00 %      of all amounts received by compromise of the CASE prior to the filing of any case;

    25.00 %      of all amounts received after filing of any complaint;

    25.00 %      of all amounts received by compromise of the CASE after the taking of any depositions or the service of any written discovery responses by any party;

    25.00 %      of all amounts received by compromise of the CASE after any service and/or filing of any opposition to a motion for summary judgment but prior to the attainment of a jury verdict; and

25.00 %        of all amounts received by jury verdict or by compromise of the CASE after
the rendering of a jury verdict

These percentages for ATTORNEYS' fees are to be received regardless of the source of
said compromise.  California law specifically states that all contingency fee agreements are
subject to negotiation and CLIENT acknowledges having been informed that these
percentages are subject to negotiation.  Indeed, both ATTORNEYS and CLIENT
acknowledge that the parties have had an opportunity to negotiate and bargain as to these
fees.  In the event that there is no recovery, ATTORNEYS shall receive nothing for their
services.

This contract does not cover appeals.  ATTORNEYS' fees and expenses for appeals shall
be negotiated at the time the appeal is sought by any party to the litigation.

Court-Awarded ATTORNEYS Fees.   In the event a court makes an award of
ATTORNEYS fees, ATTORNEYS will be entitled to either (1) the contingency fee of the
percent of judgment or award set forth above which would include both the damages and
ATTORNEYS fees awarded, or (2) the amount of the court-awarded fees; whichever is
higher.

In the event that the Court does award ATTORNEYS fees and ATTORNEYS elects to
receive the contingency fee, CLIENT is entitled to a credit for whatever ATTORNEYS
fees are awarded to ATTORNEYS.

Any ATTORNEYS fees awarded as sanctions in a discovery dispute or otherwise ordered
by a Court are the exempted and are the exclusive property of ATTORNEYS.

4.    **HOURLY FEE WAIVED.  CLIENT** has the right to request that this matter be handled
entirely on an hourly fee basis, at $945 per hour (for Rob Hennig) and for other rates
available for other attorneys in this office, payable as work progresses, or to seek a lower
contingency fee from other law firms, or to negotiate a lower rate with ATTORNEYS.
CLIENT, however, wishes to retain ATTORNEYS under the fee agreement set forth
herein, despite being advised of his or her alternate rights.  Legal fees in this case are not
set by law but rather are negotiated between ATTORNEYS and CLIENT.

5.    **ELECTION NOT TO PROSECUTE.** Should CLIENT elect not to proceed with the
filing of the CASE in Court or where CLIENT seeks voluntary dismissal of his or her
CASE in a way that denies ATTORNEYS any recovery of their fees either by way of the
contingency fee stated herein or ATTORNEYS' fees, CLIENT and ATTORNEYS agree
that CLIENT will compensate ATTORNEYS at an hourly rate based upon the work done
on CASE.

6.    **LEGAL SERVICES TO BE PROVIDED.**   The legal services to be provided by
ATTORNEYS to CLIENT are as follows: To obtain compensation for CLIENT's damages
stemming from violations of her federal and state civil rights while her daughter
matriculated at Corona Del Mar High School and to take all necessary legal actions
including, but not limited to, filing civil actions, arbitration claims, and administrative
claims.

7.    **LEGAL COSTS.**  Legal costs are monies expended solely for the prosecution of CLIENT'S CASE, and may include, among other items:  investigation, court filings, depositions, expert witnesses, subpoenas, traveling, photocopying, fax, long distance telephone calls, jury consultation and preparation, arbitration, postage, etc.  CLIENT is responsible to pay all legal costs.  ATTORNEYS may elect to advance costs in this case at ATTORNEYS exclusive option.  All advances of expenses shall accrue interest at the rate of 8 percent per annum – payable at the time of payment of lien.

8.    **ATTORNEYS' LIEN.**  ATTORNEYS have a lien for ATTORNEYS fees and any legal costs advanced upon the CASE, any judgment obtained thereon, or the proceeds of any settlement or recovery.

9.    **AUTHORIZATIONS**.  CLIENT understands that any case handled under a contingency fee agreement by ATTORNEYS requires greater discretion to the ATTORNEYS to be able to prosecute the case without time consuming CLIENT micro-management or constant authorizations by CLIENT.   ATTORNEYS request and CLIENT agrees to provide maximum flexibility to ATTORNEYS to work on behalf of the CLIENT.   CLIENT expressly authorizes ATTORNEYS to exercise ATTORNEYS' best judgment and professional expertise to prosecute CLIENT'S case in CLIENT'S best interests including appropriate litigation strategy and tactics. CLIENT understands that this authorization is limited to prosecution and strategy and that CLIENT alone shall have the power to settle the case and that ATTORNEYS have a responsibility to bring any good-faith settlement offer to CLIENT for  CLIENT's review.  CLIENT also shall be kept informed by ATTORNEYS of all important litigation events on a reasonably timely basis. CLIENT, furthermore, authorizes ATTORNEYS to pay directly from CLIENT's share of settlement or recovery any outstanding liens.

10.    **TERMINATION OF SERVICES.**  CLIENT has the right to terminate ATTORNEYS at any time upon written notice to ATTORNEYS.  If CLIENT terminates ATTORNEYS, or fails to cooperate, or substitutes another attorney for ATTORNEYS, CLIENT shall be responsible for the reasonable value of legal services rendered on behalf of CLIENT.  CLIENT expressly authorizes and accepts a lien for the reasonable value of all services rendered and for any costs incurred on behalf of CLIENT on any collection of money received from CASE from any source.  The reasonable value of ATTORNEYS' work shall be based upon ATTORNEYS' hourly rate in place at the time of termination or withdrawal.  ATTORNEYS may withdraw from CLIENT's representation and the CLIENT shall consent to said withdrawal if, at any time, CLIENT:

- Insists upon presenting a claim or defense that is not warranted under existing law and cannot, in ATTORNEYS' sole discretion, be supported by good faith argument;
- Pursues or insists that ATTORNEYS pursue an illegal, unethical or unreasonable course of conduct;
- Deliberately disregards an agreement or obligation;
- Fails to fully and promptly cooperate with ATTORNEYS in any matter; or
- Fails to accept and follow ATTORNEYS' advice and good-faith recommendation for settlement.

In any of these circumstances, CLIENT expressly authorizes and agrees to cooperate in ATTORNEYS' withdrawal with the express authorization that ATTORNEY shall have a lien for the reasonable value of legal service rendered and for all costs incurred on behalf of CLIENT.

ATTORNEYS or CLIENT may terminate the attorney-client relationship at any time upon written notice to the other for the above reasons.  ATTORNEYS or CLIENT may also terminate the attorney-client relationship upon reasonable notice and to the extent that CLIENT is not prejudiced for any reason.

11.    **COOPERATION.**  CLIENT agrees to cooperate fully in all phases of litigation and to immediately notify ATTORNEYS of any change of employment, address, telephone number, or electronic mail account.   CLIENT will be truthful with ATTORNEYS, cooperate with ATTORNEYS,  respond helpfully and thoroughly to ATTORNEYS' requests for assistance in pursuing CLIENT's claim, keep ATTORNEYS reasonably informed of developments.  CLIENT will immediately advise ATTORNEYS if CLIENT is contemplating a bankruptcy or does file for bankruptcy.   CLIENT agrees to be completely and totally honest with ATTORNEYS about all matters understanding that a material misrepresentation by CLIENT to the ATTORNEY is adequate cause for ATTORNEYS's immediate withdrawal.

CLIENT further agrees that should CLIENT reject a settlement offer recommended by ATTORNEYS and if ATTORNEYS do not withdrawal from case, CLIENT expressly agrees that CLIENT will agree to pay for all CASE costs after said rejection of a settlement offer.

12.    **TAXES.**  In the event of a potential or actual recovery for CLIENT, there may be tax implications or questions to consider.  CLIENT understands that ATTORNEYS does not give tax advice.  If CLIENT desires advice regarding taxes, CLIENT will seek advice from CLIENT's own tax advisor.

13.    **HENNIG RUIZ & SINGH AND ASSOCIATE COUNSEL.**  HENNIG RUIZ & SINGH is a law firm with several attorneys. CLIENT understands that multiple attorneys will be working on CLIENT's case and that ATTORNEYS cannot and will not guarantee that any one attorney affiliated with this office will do specific work. HENNIG RUIZ & SINGH assigns specific work to specific attorneys on an as needed basis that includes multiple factors including the relative workload of specific attorneys at the time of assignment. CLIENT accepts and agrees that CLIENT is hiring the HENNIG RUIZ & SINGH law firm and not any one specific attorney.  ATTORNEYS are also authorized to employ associate counsel to assist in this representation, should ATTORNEYS deem it advisable.  All ATTORNEYS fees for associate counsel shall be borne by ATTORNEYS at no additional expense to CLIENT unless otherwise agreed between the parties to this agreement. ATTORNEYS, at their sole discretion, shall determine who shall perform work on this matter.

14.    **ATTORNEYS OPINIONS – NO GUARANTEE OF RESULTS.**    CLIENT acknowledges that ATTORNEYS have not made promises or guarantees of settlement or recovery and all expressions relative thereto are matters of opinion only.

ATTORNEYS cannot and do not guarantee any particular result. CLIENT acknowledges that ATTORNEYS have made no promises about the outcome of the representation, and that any opinion offered by ATTORNEYS now or in the future will not constitute a guarantee.

15.     **OPPORTUNITY FOR REVIEW BY ANOTHER ATTORNEY**.  CLIENT is advised that he/she has the right to consult with another attorney for legal advice concerning this fee agreement.  In signing this agreement CLIENT represents that she/he has either consulted with another attorney or has waived the right to so consult.

16.     **DOCUMENT RETENTION.**  CLIENT acknowledges that after the resolution of this CASE or after ATTORNEYS' completion of work on this CASE, that any and all hard copies of any documents created, received, or related to this CASE by ATTORNEYS will be destroyed. ATTORNEYS will maintain electronic copies of all documents created, received or related to this CASE for a period of three years and may, thereafter, be destroyed.

17.     **FULL AND COMPLETE AGREEMENT.**  This agreement sets forth the entire agreement between CLIENT  and ATTORNEYS with respect to CASE and the matters described herein.  Terms and conditions hereof shall not be modified or revoked unless by written agreement signed by both parties.

18.     **READ AND UNDERSTOOD.**  CLIENT acknowledges that CLIENT has read this Agreement in its entirety.  CLIENT further acknowledges that CLIENT has been given the opportunity to ask any questions about this Agreement and has asked any questions CLIENT may have about this Agreement.  CLIENT has understood any and all answers provided to CLIENT by ATTORNEYS concerning this Agreement and understands this Agreement.  CLIENT further acknowledges that CLIENT considers this Agreement to be fair and reasonable.

19.     **EXECUTION IN COUNTERPARTS AND BY FACSIMILE.** This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.  Further, signatures delivered via facsimile transmission or by email attachment shall have the same force, validity and effect as the original signatures to this Agreement.

I ACCEPT THE ABOVE TERMS IN
LIEU OF PAYING FOR SERVICES
ON AN HOURLY BASIS

I ACKNOWLEDGE THE ABOVE TERMS
AND ACCEPT EMPLOYMENT ON
BEHALF OF CLIENT

_____
CLIENT – CAROLYNE COPELAND

_____
HENNIG RUIZ & SINGH
SAM BROWN

_____
DATE

_____
DATE

# ATTACHMENT 18b6 TO FORM MC-350

Carolyne Copeland
c/o Hennig Ruiz & Singh P.C.
3600 Wilshire BLVD., Suite 1908
Los Angeles, CA, 90010.