# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| A. H., a minor, by and through her Guardian *Ad Litem*, Carolyne Copeland; and CAROLYNE COPELAND, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> NEWPORT-MESA UNIFIED SCHOOL DISTRICT, a public entity; CORONA DEL MAR HIGH SCHOOL, a public entity; JENNIFER GERJETS, an individual sued in her personal capacity; MICHELLE STEVENS, an individual sued in her personal capacity; KIRK BAUERMEISTER, an individual sued in his personal capacity; and FREDERICK NAVARRO, an individual sued in his official capacity as Superintendent of Newport-Mesa Unified School District, <br><br> Defendants. | Case No. 8:20-cv-00121-JWH-ADSx <br><br> **ORDER ON PETITION FOR APPROVAL OF MINOR'S COMPROMISE AND ATTORNEYS' FEES [ECF No. 55]** |

## I. INTRODUCTION

Plaintiff A.H., a minor, by and through her guardian *ad litem*, Carolyne Copeland, and Copeland in her personal capacity filed this action against Defendants Newport-Mesa Unified School District, Corona Del Mar High School, Jennifer Gerjets, Michelle Stevens, Kirk Bauermeister, and Frederick Navarro.[1] Before the Court is Copeland's petition for approval of minor's compromise and attorneys' fees.[2] The Court reviewed the unopposed Petition and accompanying papers and the record in this case, and the Court conducted a hearing on March 5, 2021. For the reasons discussed below, the Court **GRANTS** the Petition.

## II. DISCUSSION

Under this Court's Local Rules, "[n]o claim in any action involving a minor or incompetent person shall be settled, compromised, or dismissed without leave of the Court embodied in an order, judgment, or decree." L.R. 17-1.2. In addition, "[i]n all actions involving the claim of a minor or incompetent person, whether resolved by settlement or judgment after trial, the Court shall fix the amount of attorney's fees." L.R. 17-1.4.

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir.1978)). "[T]he district court should evaluate the fairness of each minor plaintiff's net recovery without regard to the

---

[1] Corrected Compl. [ECF No. 13].
[2] Notice of Pet. and Pet. for Approval of Minor's Compromise and Attorneys' Fees (the "Petition") [ECF No. 55].

proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id.* at 1182. In cases involving the settlement of federal claims, "[i]f the net recovery of each minor plaintiff under the proposed settlement is fair and reasonable, the district court should approve the settlement as proposed." *Id.* at 1179 (footnote omitted).

The total proposed settlement sum is $14,875.[3] Under the proposed settlement, $3,718.75 in attorneys' fees and $3,581.45 in costs would be deducted from the total settlement amount and remitted to Plaintiffs' counsel,[4] resulting in A.H.'s recovery of a net amount of $7,574.80.[5] The Court concludes that this net recovery is fair and reasonable in view of potential challenges to A.H.'s case, such as the need to prove facts that are likely to be contested and that may rest on credibility determinations. Further, the Petition lists no medical expenses for A.H., and Plaintiffs may face challenges in seeking to establish the amount of damages that A.H. allegedly has suffered. The Court therefore concludes that the settlement is fair and reasonable, in light of A.H.'s claims and the facts of the case.

The settlement will result in the payment of attorneys' fees amounting to 25% of the proposed total settlement amount, pursuant to the contingency agreement between A.H. and her counsel.[6] Courts have concluded that 25% of the recovery is reasonable in contingency cases involving minors. *Castillo v. Cty. of Los Angeles*, No. CV 14-07702-BRO (Ex), 2017 WL 5172172, at *5 (C.D. Cal. Jan. 6, 2017) (approving attorneys' fees of 25% of each minor plaintiffs'

---

[3] Petition at ¶ 10.
[4] *Id.* at ¶ 13.
[5] *Id.* at ¶ 14.
[6] Decl. of Sam Brown in Supp. of Pet. for Approval of Minor's Compromise and Attorneys' Fees [ECF No. 55-1] at ¶ 7.

"recovery after costs are deducted"); *Chance v. Prudential Ins. Co. of Am.*, No. 1-15-CV-01889-DAD-JLT, 2016 WL 3538345, at *3 (E.D. Cal. June 29, 2016) (noting that it "has been the practice in the Eastern District of California to consider 25% of the recovery as the benchmark for attorney's fees in contingency cases involving minors"). The Court has also reviewed the declaration of A.H.'s attorney, Sam Brown. In his declaration, Brown testifies that he worked at least 63.7 hours on the case, which would amount to fees of more than $39,000 at Brown's standard hourly rate.[7] The Petition also requests costs of $3,581.45, which includes filing fees and costs for two depositions. The Court finds these costs reasonable.

Based upon the foregoing, the Court finds that the settlement is fair and reasonable and in the best interests of the minor child. Accordingly, the Court approves the proposed settlement.

### III.  CONCLUSION

For the reasons stated above, the Court hereby **ORDERS** as follows:

1. The Petition is **GRANTED**.

2. The gross amount or value of the settlement in favor of Plaintiff A.H. is $14,875.

3. Fees and expenses shall be paid by one or more checks or drafts, made payable to the order of A.H.'s guardian *ad litem*, Carolyne Copeland, and A.H.'s attorney or directly to third parties entitled to receive payment identified in this order for the following items of expenses or damages, which are hereby authorized to be paid out of the proceeds of the settlement or judgment:

   a. Reimbursement for costs in the total amount of $3,581.45 payable to the law firm representing A.H., Hennig, Ruiz & Singh P.C.

---

[7]  *See id.* at ¶¶ 8 & 9.

   b. Attorney's fees in the total amount of $3,718.75, also payable to Hennig, Ruiz & Singh P.C.

   c. Payment to A.H. in the total amount of $7,574.80, payable to A.H. and deposited in an FDIC insured blocked account.

   d. A.H.'s counsel shall deposit A.H.'s proceeds into an FDIC insured account held in the name of A.H. at an FDIC insured bank. The account holding the proceeds owing to A.H. shall be blocked, so that no withdrawal of principal or interest can be made before A.H. reaches the age of 18, unless a written order is obtained from this Court. The money on deposit is not subject to escheat.

   e. Upon A.H. attaining the age of 18, her respective account shall be unblocked without further order of this Court.

   f. A.H.'s counsel shall provide A.H.'s bank with a copy of this Order, and shall, within 30 days, file with the Court a declaration verifying the opening of said blocked account.

**IT IS SO ORDERED.**

Dated: March 10, 2021

_____
John W. Holcomb
UNITED STATES DISTRICT JUDGE